UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 10 P 1:45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| STAPLES, INC., and SMILEMAKERS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>BRADY GRAVETT and ORIENTAL TRADING COMPANY, INC.<br><br>Defendants. | 05  10274<br><br>Civil Action No. _____ |

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, plaintiffs Staples, Inc. and SmileMakers, Inc. (collectively, "SmileMakers" or the "Company") hereby move the Court for a temporary restraining order and preliminary injunction against the defendants, Brady Gravett ("Gravett") and Oriental Trading Company ("OTC"). In support of the instant Motion, SmileMakers respectfully refers the Court to its Complaint and exhibits thereto, Affidavit of Laurie Furse and Plaintiffs' Memorandum in support of this Motion. Specifically, SmileMakers moves that this Court:

    A.    Enter a temporary restraining order and preliminary injunction and, after trial, enter a permanent injunction, ordering Gravett:

    (1)    not to work for or render services to OTC or any other competitor of SmileMakers located in the United States or Canada, nor directly or indirectly engage in any business which is or may be competitive with SmileMakers, for a period of twelve (12) months after the date Gravett stops breaching his non-competition and/or non-solicitation obligations to SmileMakers in accordance with the terms of his covenant not to compete contained in his Non-Competition Agreement;

    (2)    not to directly or indirectly solicit, entice or induce any customer of SmileMakers to become a client, customer, distributor or reseller of any other person, firm or

BO1 15695968.1

corporation with respect to products and/or services sold or under development by SmileMakers or competitive with products and/or services sold or under development by SmileMakers, or to cease doing business with SmileMakers, for a period of twelve (12) months after the date Gravett stops breaching his non-competition and/or non-solicitation obligations to SmileMakers in accordance with Gravett's non-solicitation covenant contained in his 2003 Non-Compete Agreement; and

(3) not to use, distribute, disclose or disseminate any of SmileMakers' proprietary or confidential information, technical data, trade secrets or know-how, including, but not limited to, research, product or business plans, products, services, projects, proposals, customer lists and customers (including, but not limited to, Sandy Lion and any other customers and suppliers of the Company on whom Gravett called or with whom he became acquainted during the term of his employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, marketing, distribution and sales methods and systems, sales and profit figures, finances and other business information disclosed to Gravett by the Company, either directly or indirectly in writing, orally or by drawings or inspection of documents or other tangible property, and ordering Gravett not to use, copy or otherwise record the information contained in such confidential material, in accordance with Gravett's confidentiality covenant contained in his 2003 Confidentiality Agreement;

B.  Enter a temporary restraining order, a preliminary injunction and, after trial, enter a permanent injunction, ordering OTC:

(1) not to employ Gravett in any manner for a period of twelve (12) months after the date Gravett stops breaching his non-competition and/or non-solicitation obligations to SmileMakers in accordance with the terms of his covenant not to compete contained in his 2003 Non-Compete Agreement;

(2) not to employ any other SmileMakers employee or former employee within a period of one year from the termination of their employment with SmileMakers;

(3) not to directly or indirectly solicit, entice or induce any customer of SmileMakers that was not also an active customer of OTC as of April 16, 2004 to become a client, customer, distributor or reseller of OTC, or to cease doing business with SmileMakers, for a period of twelve (12) months after the date Gravett stops breaching his non-competition and/or non-solicitation obligations to SmileMakers;

(4) not to sell licensed stickers for a period of twelve months from the date of this order;

(5) not to use any confidential or proprietary information, including trade secrets, or goodwill of SmileMakers to directly or indirectly solicit, entice or induce any

2

customer of SmileMakers to become a client, customer, distributor or reseller of OTC with respect to products and/or services sold or under development by SmileMakers or competitive with products and/or services sold or under development by SmileMakers, or to cease doing business with SmileMakers, in accordance with Gravett's 2003 Confidentiality Agreement; and

(6) not to use, distribute, disclose or disseminate any of SmileMakers' proprietary or confidential information, technical data, trade secrets or know-how, including, but not limited to, research, product or business plans, merchandising plans, products, services, projects, proposals, customer lists and customers (including, but not limited to, customers or suppliers of SmileMakers on whom Gravett called or with whom he became acquainted during the term of his employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, marketing, distribution and sales methods and systems, sales and profit figures, finances and other business information disclosed to OTC by Gravett, either directly or indirectly in writing, orally or by drawings or inspection of documents or other tangible property, and ordering OTC not to use, copy or otherwise record the information contained in such confidential material;

C. IT IS FURTHER ORDERED that

(a) Defendants are directed to return to Staples and SmileMakers all documents, records and property of any kind or nature whatsoever, (including copies thereof and computer records), which are within the Defendants' possession, custody or control and belong to SmileMakers; including, without limitation, any such materials that contain, reflect or refer to SmileMakers' customers and/or suppliers and SmileMakers licensed sticker business; and

D. Enter judgment in Plaintiffs' favor and against Gravett and OTC jointly and severally, where applicable, for all damages that may be calculated at trial suffered by SmileMakers as a result of Gravett's and/or OTC's misconduct, plus interest;

E. Treble damages as provided by M.G.L. c. 93A, §§ 2 and 11;

F. Attorneys' fees and costs as allowed by law; and

G. Grant such other and further relief as may be just and equitable.

For the Court's convenience, Plaintiffs submit a proposed Order to Show Cause as Exhibit A.

WHEREFORE, Staples, Inc. and SmileMakers, Inc. respectfully request that the Court allow their Motion for a Temporary Restraining Order and Preliminary Injunction and enter the order that is attached hereto as Exhibit A. Staples, Inc. and SmileMakers, Inc. further request

that the Court set this motion for a hearing as soon as the Court is available.

Respectfully submitted,

STAPLES, INC. and SMILEMAKERS, INC.

By their attorneys,

_____
Lynn A. Kappelman (BBO No. 642017)
Jennifer A. Serafyn (BBO No. 653739)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: February 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the defendants, Brady Gravett, 14451 Erskine Street, Omaha, Nebraska 68116 and Oriental Trading Company, 4206 South 108th Street, Omaha, Nebraska 68137-1215, by hand on February 10, 2005.

_____
Lynn A. Kappelman