```
                                              FILED
                                          IN CLERKS OFFICE

        UNITED STATES DISTRICT COURT       2005 FEB 10 P 1:45
       FOR THE DISTRICT OF MASSACHUSETTS
                                           U.S. DISTRICT COURT
                                           DISTRICT OF MASS.
```

|  |  |
|---|---|
| STAPLES, INC., and ) | |
| SMILEMAKERS, INC. ) | 05 CV 10274 |
|              Plaintiffs, ) | |
|                         ) | Civil Action No. _____ |
| v.                      ) | |
|                         ) | |
| BRADY GRAVETT and       ) | |
| ORIENTAL TRADING COMPANY, INC. ) | |
|                         ) | |
|              Defendants. ) | |

## ATTORNEY CERTIFICATION
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65 (b)(2)

I, Lynn A Kappelman, hereby certify:

1. I am a member of the law firm of Seyfarth Shaw LLP which has been retained by the movants and Plaintiffs, Staples, Inc. and SmileMakers, Inc. ("SmileMakers" or collectively "the Plaintiffs"), in connection with their Motion for Temporary Restraining Order and Preliminary Injunction, and Order to Show Cause against Brady Gravett ("Gravett") and Oriental Trading Company ("OTC" or collectively "the Defendants") in the above-captioned matter.

2. In this case, Gravett resigned from SmileMakers in April 2004 and began working for Oriental Trading Company ("OTC"), SmileMakers' largest toy supplier and competitor. As set forth more fully in the Complaint filed simultaneously herewith, SmileMakers has recently obtained information confirming that Gravett assisted OTC in launching a licensed sticker offering, in clear violation of his 2003 Non-Compete and his 2003 Confidentiality Agreements.

BO1 15696556.1

3. On or about April 30, 2004, Scott Plotnik, Senior Employment and Labor Counsel at Staples, wrote a letter to Gravett, (attached to the Complaint as Exhibit 4) reiterating the terms of Gravett's 2003 Non-Compete and 2003 Confidentiality Agreements and explaining "by taking a position with OTC, [Gravett was] in violation of the Non-Compete and Non-Solicitation Agreement and Proprietary and Confidential Information Agreement [he] signed while at SmileMakers...."

4. In response, Gravett sent a letter (attached to the Complaint as Exhibit 5) stating "I can assure you that my position at OTC will not violate the terms of any agreement I have with Staples, Inc. I can also assure you that I have no intention of soliciting SmileMakers' employees for employment elsewhere, nor do I have any intention of using or divulging proprietary information of SmileMakers."

5. Once again, on May 17, 2004, Cindy Westervelt, Staples' Employment and Litigation Counsel, wrote a letter to Stephen Frary, President of OTC, (attached to the Complaint as Exhibit 6) reiterating that Gravett had non-compete and non-disclosure obligations to SmileMakers and warning "we are concerned that by hiring Mr. Gravett, Oriental Trading Company intends to obtain access to SmileMakers' proprietary information in order to gain an unfair business advantage in the market." Westervelt added "SmileMakers simply will not tolerate such unlawful tactics and is prepared to pursue every available remedy to protect its rights under these agreements."

6. In response, Robert R. Siffrin, OTC's General Counsel, wrote a letter dated May 21, 2004 (attached to the Complaint as Exhibit 7) stating, inter alia, "I can assure you that

BO1 15696556.1

Oriental Trading Company respects the intellectual property rights and contractual rights of others and has no intention or desire to obtain any confidential or proprietary information of Staples or SmileMakers or to intefere in any way with Mr. Gravett's contractual relationship with Staples."

7. The foregoing letters put Defendants on notice of their obligations and warned them that SmileMakers would enforce its legal rights to the fullest extent possible which might include a lawsuit in which SmileMakers would seek appropriate injunctive relief.

8. Upon information and belief, Gravett and OTC have continued to violate Gravett's 2003 Non-Compete and 2003 Confidentiality Agreements by launching a licensed sticker offering, and thereby disclosing and exploiting Plaintiffs' goodwill and their confidential and proprietary information.

WHEREFORE, the undersigned hereby certifies to the Court that the movants have made efforts to give notice to the Defendants of their intent to move for a restraining order, and no further notice should be required before this Court grants Motion for a Temporary Restraining Order, which may remain in effect until such time as the parties may be heard on this matter.

Lynn A. Kappelman

Subscribed and sworn to before me this 10th day of February, 2005.

Notary Public/Commission of the Superior Court
My Commission expires: 5-18-08

BO1 15696556.1

KIM HAARER
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MISSION EXPIRES 5/18/2008